## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| JAMES JOSEPH JULUKE, JR., an individual, | )<br>)<br>) |
| Plaintiff, | ) Case No.: 4:18-cv-00722<br>)<br>) |
| v. | )<br>) |
| JOSEY/TRINITY MILLS, LTD., a Texas Limited Partnership, | )<br>)<br>) |
| and | )<br>) |
| JOSEY/TRINITY MILLS TWO, LLC, A Texas Limited Liability Company, | )<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT

Plaintiff, JAMES JOSEPH JULUKE, JR. through his undersigned counsel, hereby files this Complaint and sues JOSEY/TRINITY MILLS, LTD., a Texas Limited Partnership and JOSEY/TRINITY MILLS TWO, LLC, a Texas Limited Liability Company, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 *et seq.*, ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over the subject matter of all other claims pursuant to 28 U.S.C. §1367(a).

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), because the

Defendants' Property, which is the subject of this action, is partially located in Denton County, Texas and partially located in Dallas County.

3. Plaintiff, JAMES JOSEPH JULUKE, JR. (hereinafter referred to as "MR. JULUKE" or "Plaintiff"), is a resident of the State of Texas in Dallas County.

4. MR. JULUKE is a qualified individual with a disability under the ADA. In 1994, MR. JULUKE suffered an injury to his spinal cord resulting in trauma to his T-10 vertebrae. MR. JULUKE is a paraplegic and is disabled.

5. MR. JULUKE's disability, at all times material hereto, impairs his ability to walk, stand and bend, all major life activities, and requires him to use a wheelchair to ambulate.

6. Defendant, JOSEY/TRINITY MILLS, LTD., a Texas Limited Partnership, (hereinafter referred to as "JTM"), is registered to do business in the State of Texas. Upon information and belief, Defendant is the owner, lessor and/or operator of the real property and improvements which are the subject of this action, to wit: the "Property," known as "Trinity Valley Shopping Center," generally located at 2722 N. Josey Lane, Carrollton, Texas 75007.

7. Defendant, JOSEY/TRINITY MILLS TWO, LLC, a Texas Limited Liability Company, (hereinafter referred to as "JTMT"), is registered to do business in the State of Texas. Upon information and belief, Defendant is the owner, lessor and/or operator of the real property and improvements which are the subject of this action, to wit: the "Property," known as "Trinity Valley Shopping Center," generally located at 2630 N. Josey Lane, Carrollton, Texas 75007.

8. All events giving rise to this lawsuit occurred in the Eastern and Northern Districts of Texas.

## COUNT I
## (VIOLATION OF TITLE III OF THE ADA)

9. Plaintiff realleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

10. The Property, a large shopping plaza, is open to the public and provides goods and services to the public.

11. Plaintiff visited the Property and attempted to utilize the goods and services offered at the Property and plans to return to the Property in the near future.

12. During his visit, MR. JULUKE experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in this Complaint.

13. MR. JULUKE continues to desire to visit the Property, but fears that he will again encounter serious difficulty and safety hazards due to the barriers discussed herein which still exist.

14. Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*. by excluding and/or denying Plaintiff the benefits of the goods and services located on the Property by failing to provide and/or correct the following barriers to access which Plaintiff personally observed, encountered, and which hindered his access:

    A. Plaintiff encountered inaccessible parking designated as accessible near Chili's, Plato's Closet, Rue 21 and GNC and other areas due to excessive slopes;

    B. Plaintiff encountered inaccessible curb ramps throughout the Property, specifically near Chili's, Dickey's BBQ, Petco, Weight Watchers and Ulta

and other areas due to steep slopes and lack of smooth transitions.

C. Plaintiff encountered inaccessible sidewalks due to excessive slopes and lack of handrails near Heena Salon, Petco, America's Best, Weight Watchers, Plato's Closet and Rue 21.

15. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16. Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17. Removal of the barriers to access located on the Property is readily achievable, structurally feasible and easily accomplishable without placing an undue burden on Defendants.

18. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against Defendants and requests the following injunctive and declaratory relief:

A. That the Court declare that the Property owned, leased, and/or operated by Defendants are in violation of the ADA;

B.     That the Court enter an Order directing Defendants to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.     That the Court enter an Order directing Defendants to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendants to undertake and complete corrective procedures;

D.     That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E.     That the Court award such other and further relief as it deems necessary, just and proper.

                Respectfully Submitted,

                By:    */s/ Louis I. Mussman*
                      Louis I. Mussman
                      Attorney-in-charge
                      Ku & Mussman, P.A.
                      18501 Pines Blvd, Suite 209-A
                      Pembroke Pines, FL 33029
                      Tel: (305) 891-1322
                      Fax: (305) 891-4512
                      Louis@KuMussman.com

                      and

                      Seth P. Crosland
                      *Local Counsel*
                      Texas Bar No.: 24069551
                      Crosland Law Firm
                      1848 Norwood Plaza, Suite 205B
                      Hurst, Texas 76054

Tel: (972) 591-6919
Fax: (972) 408-0713
seth@croslandlawfirm.com